**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

..................................................................... x

Brandan Sanders; Francisco Quinones; and :    Civil Action No.
Vitaliya Drach *on behalf of themselves and other* :
*similarly situated*, :
:
:
            Plaintiffs, :    **<u>FLSA COLLECTIVE ACTION</u>**
 - against - :    **<u>and RULE 23 CLASS ACTION</u>**
:    **<u>COMPLAINT</u>**
Excel of Utica Inc; Excel Communications Inc.; :
Excel of Pitkin Inc.; Excel of White Plains Inc.; :
Ravleen Sethi; Praneet Sahni and Kawaljeet Sahni, :    **<u>Jury Trial Demanded</u>**
:
            Defendants. :

..................................................................... x

Plaintiffs Brandan Sanders; Francisco Quinones; and Vitaliya Drach (collectively, the "Plaintiffs"), on behalf of themselves and other similarly situated employees, as class representatives, by and through their attorney, Mohammed Gangat, Esq., file this Complaint against defendants Excel of Utica Inc; Excel Communications Inc.; Excel of Pitkin Inc.; Excel of White Plains Inc.; Ravleen Sethi; Praneet Sahni; and Kawaljeet Sahni (collectively, the "Defendants"), and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

<u>**NATURE OF THE ACTION**</u>

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they and a proposed class of others similarly situated are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL", they and a proposed class of others similarly situated are entitled to recover from the Defendants: (1)

unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3.      In addition to seeking recovery for the Plaintiffs, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated employees.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at the majority of the defendants reside in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6.      Plaintiff Sanders is a resident of Brooklyn, New York.

7.      Plaintiff Quinones is a resident of Brooklyn, New York.

8.      Plaintiff Drach is a resident of Queens, New York.

9.      Excel of Utica Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 70 W Suffolk Ave., Central Islip, NY 11722.

- 20 -

10.    Excel Communications Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 70 W Suffolk Ave., Central Islip, NY 11722.

11.    Excel of Pitkin Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 70 W Suffolk Ave., Central Islip, NY 11722.

12.    Excel of White Plains Inc. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 70 W Suffolk Ave., Central Islip, NY 11722.

13.    The enterprise operates stores located at, inter alia, 70 W Suffolk Ave., Central Islip, NY 11722; 2140A White Plains RD, Bronx, NY 10462; 235 Utica Ave., Brooklyn, NY 11213; 1676 Pitkin Ave., Brooklyn, NY 11212; 1067 Flatbush Ave., Brooklyn, NY 11225; and 460 Suffolk Ave., Brentwood, NY 11717.

14.    Upon information and belief, Defendant Ravleen Sethi (the "Individual Defendant") is residing at 25 Fox Pl, Hicksville, NY 11801.

15.    Upon information and belief, Defendant Praneet Sahni; and (the "Individual Defendant") is residing at 25 Fox Pl, Hicksville, NY 11801.

16.    Upon information and belief, Defendant Kawaljeet Sahni (the "Individual Defendant") is residing at 25 Fox Pl, Hicksville, NY 11801.

17.    Upon information and belief, the Individual Defendants are the owners, shareholders, directors, supervisors, managing agents, and/or proprietors, of the Corporate Defendants.

18.    The Individual Defendants actively participates in the day-to-day operations of each of the Corporate Defendants and acted intentionally and maliciously and are employers

- 20 -

pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

19.    Defendants run a chain of wireless telecommunications establishments located throughout the State of New York.  Although they use separate corporate entities, all of the defendants together constitute a single joint enterprise under the New York Labor Law as they share centralized management and control, joint ownership, and share employees and other business assets.

20.    Upon information and belief, all of Defendants' locations share common management and are centrally controlled and/or owned by the Individual Defendants.

21.    Upon information and belief, the Individual Defendants have had control over and the power to change compensation practices for all employees at all of Defendants' locations.

22.    Upon information and belief, the Individual Defendants have had the power to determine employee policies for employees at all of the Defendants' locations, including, but not limited to, time-keeping, payroll policies, and policies governing the allocation of tips and/or gratuities.

23.    Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants are and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that Defendants (i) have and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

24.    Defendants continuously employed Plaintiffs to work as non-exempt employees.

25.     Throughout the employment, Plaintiffs cycled through several locations in New York, including but not limited to the stores located at 2140a White Plains Rd, Bronx; 1676 Pitkin Ave., Brooklyn; 235 Utica Ave., Brooklyn; 1067 Flatbush Ave., Brooklyn, and 460 Suffolk Ave., Brentwood.

26.     The work performed by Plaintiffs was essential to the businesses operated by Defendants.

27.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

28.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages for each hour of employment in direct contravention of the New York Labor Law's minimum wage requirements.

29.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

30.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

31.     All Plaintiffs performed substantially similar duties such as selling phones and accessories in mobile telecommunication stores that the Defendants own and operate and are branded as "Verizon" authorized retail stores.

32.     Plaintiffs at all relevant times were covered employees within the meaning of the FLSA and NYLL.

33.     Plaintiff Sanders was employed by Defendants from about January 17, 2020 to about March 20,2020 as a sales associate.  During this time, he worked at several of the

Defendants' stores but not limited to the following locations: 1676 Pitkin Ave., Brooklyn; 235 Utica Ave., Brooklyn; 1067 Flatbush Ave., Brooklyn and 2140a White Plains Rd, Bronx.

34.     Plaintiff Sanders' work schedule varied but he averaged around 5-6 days per week.  The Plaintiff would come in between 9 and 10 am and leave from anywhere between 6pm until 10pm.  His hours fluctuated between 45-60 hours per week.

35.     Plaintiff Sanders was required to clock in and out every shift. The hours registered in the clocking-in system were not accurately recorded on the pay stubs Defendants provided him.

36.     Defendants had a policy of deducting one hour from Plaintiff Sanders' hours worked, on the basis that this was for a lunch break, but, in fact, Plaintiff rarely received a lunch break, and worked continuously without a lunch break most days, because his assigned work duties required so.

37.     Plaintiff Sanders' pay rate was $15 per hour and was paid in checks. The checks given to him by the Defendants would continuously bounce and so Plaintiff Sanders had to request new checks. Plaintiff Sanders had to wait up to two weeks to receive a check that contained funds.

38.     Plaintiff Sanders' was never compensated his overtime premium wage of time and a half. Any time he would work more than 40 hours in a week, his rate would stay the same at $15 per hour. He never received time and a half for hours worked over 40 in a week.

39.     Plaintiff Sanders was never paid his "spread of hours" compensation when he worked more than 10 hours in a shift.

40.     Plaintiff Quinones was employed by Defendants from November 2019 to March 23, 2020.  During this time, he worked at several of the Defendants' stores but not

limited to the following locations: 1676 Pitkin Ave., Brooklyn; 235 Utica Ave., Brooklyn; 1067 Flatbush Ave., Brooklyn and 2140a White Plains Rd, Bronx.

41.    Plaintiff Quinones' work schedule varied but he averaged around 5-6 days per week.  The Plaintiff would come in between 9 and 10 am and leave from anywhere between 5pm until 10pm.  He averaged 60 hours per week.

42.    Plaintiff Quinones was required to clock in and out every shift. The hours registered in the clocking-in system were not accurately recorded on the pay stubs Defendants provided him.

43.    Plaintiff Quinones' initial pay rate was $13.50 per hour and he was paid this rate for all hours worked including overtime hours.  He was paid in checks. The checks given to him by the Defendants would continuously bounce and so Plaintiff Quinones had to request new checks. One check took almost three months to get reimbursed by the Defendants.

44.    Plaintiff Quinones was promoted to "manager" in February of 2020 and his pay rate was changed to a weekly rate of $800 a week.  He continued to work an average of 60 hours per week.

45.    The weekly rate failed to compensate Plaintiff Quinones for required overtime premium.

46.    As a "manager", Plaintiff continued to perform the duties he performed before and was mostly a manager in name.

47.    Plaintiff Quinones was also promised 5% of sales commission on all profits for the four stores that the Plaintiff worked. The stores earned a profit, triggering the obligation to pay the commission, but Defendants failed to pay the commissions as required.

48.    Plaintiff Quinones was never compensated his "spread of hours" when he

- 20 -

worked more than 10 hours in a shift under the NYLL.

49.    Plaintiff Drach was employed by Defendants from about May 2019 and stopped working on or about July 2020. Her duties would vary and would include working as a sales associate, collect the sales from each store, clean the stores and check on other stores during the day. During this time, she worked at several of the Defendants' stores but not limited to the following locations: 1676 Pitkin Ave., Brooklyn; 235 Utica Ave., Brooklyn; and 1067 Flatbush Ave., Brooklyn.

50.    Plaintiff Drach's work schedule varied but she averaged around 5-6 days per week.  The Plaintiff would come in around 10 am and leave around 8 or 9pm. Her hours fluctuated between 50 and 60 hours per week.

51.    Plaintiff Drach was required to clock in and out every shift. The hours registered in the clocking-in system were not accurately recorded on the pay stubs Defendants provided him.

52.    Plaintiff Drach's pay rate was $15 per hour and was paid in checks. The checks given to her by the Defendants will continuously bounce and so Plaintiff Drach has had to request new checks and would wait up to 4 weeks to receive her compensation.

53.    Plaintiff Drach was never compensated her owed overtime premium wage of time and a half, nor her "spread of hours" when she worked more than 10 hours in a shift.

54.    At no point did Defendants inform Plaintiffs of the minimum wage or overtime provisions of the FLSA or the NYLL.

55.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State

- 20 -

overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

56.    The Defendants would consistently deduct an hour for lunch to the Plaintiffs' wages even if they did not take any breaks for lunch. The stores would be so busy that the Plaintiffs would work without taking a proper lunch break. New York Labor Law § 193.

57.    The employees would also receive fines and fees from their banks and cash checking places when their checks would bounce that they received from the Defendants. Those fines were never reimbursed by the Defendants and also in violation of NYLL § 193.

58.    The Defendants knowingly and willfully paid the plaintiffs and other employees with checks without funds and therefore delaying their actual payments in violation of NYLL § 191 (1) and are allowed a cause of action and collect damages through NYLL § 198(1-a).

59.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

60.    Defendants did not furnish Plaintiffs with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

61.    Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

62.    Defendants failed to display, in a place accessible to employees and in a visually

conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

63.    Defendants failed to provide written notice concerning the terms of a commission program under which employees were eligible to receive commissions.

64.    Defendants failed to pay commissions to Plaintiffs when it was applicable. NYLL §§ 191(1)(c), 191-c.

65.    There is no written contract or other written document, signed or otherwise, reflecting the terms of the commissions program offered and administered by Defendants.

66.    Defendants failed to timely pay commissions earned within the time required by the New York Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

67.    Plaintiffs bring this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> all current and former employees paid a day-rate for working at a one of Defendants' retail mobile phone stores during the three year period prior to the filing of the complaint.

68.    Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

69.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

70.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

71.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

72.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

   a.   Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

   b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

    e.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

    f.    Whether the Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages for all hours worked; and

    g.    Whether the Defendants failed to pay Plaintiffs and the Collective Action Members for hours worked in excess of 40 hours per workweek.

73.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

74.    Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

75.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

76.    In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

    all current and former employees paid a day-rate for working at one of Defendants' retail mobile phone store during the six year period prior to the filing of the complaint.

77.    Upon information and belief, the persons in the Proposed Class are so numerous

- 20 -

that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

78.    The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

79.    The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

80.    Plaintiffs have committed themselves to pursuing this action and has retained counsel experienced in employment law and class action litigation.

81.    Plaintiffs will fairly and adequately protect the interests of the Proposed Class. Plaintiffs understand that, as a class representatives, they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as he would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

82.    Plaintiffs recognize that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of

- 20 -

litigation developments and that they may be called upon to testify in depositions and at trial.

83.    Plaintiffs have the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

84.    There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

    a.    Whether the Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

    b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;

    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    Whether the Defendants failed to pay Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

    e.    Whether the Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

    f.    Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

    g.    Whether Defendants are liable for all damages claimed hereunder, including but

not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Overtime and Unpaid Wages
*Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

85.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

86.     Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

87.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

88.     At all relevant times, Defendants employed Plaintiffs and the Proposed FLSA Collective members within the meaning of the FLSA.

89.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

90.     Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

91.     Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

92.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

93.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective.

94.     Defendants violated the FLSA when they caused the late payment of wages in circumstances involving Defendants providing paychecks which did not clear, leading to Plaintiffs' wages being delayed, in some instances by more than 30 days, thereby entitled Plaintiffs to recover liquidated damages in this action on those amounts.

95.      Defendants have failed to properly make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

96.     Defendants failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

97.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

98.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the

Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

99.    Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
### *Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

100.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

101.    Defendants employed Plaintiffs and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

102.    Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay Plaintiffs and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

103.    Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

104.    Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiffs and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

105.    Defendants failed to properly disclose or apprise Plaintiffs and the Rule

- 20 -

23 Proposed Class members of their rights under the New York Labor Law.

106.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

107.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

108.    Defendants illegally deducted from the wages of the plaintiffs in violation of NYLL §193, when Plaintiffs were forced to pay bounced check fees and other fees related to Defendants providing paychecks which did not clear.

109.    At the time of their hiring, Defendants failed to notify Plaintiffs and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

110.    Due to the Defendants' New York Labor Law violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reimbursement for illegal deductions, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

111.    Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

- 20 -

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
#### *Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

112.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

113.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

114.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

115.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including

- 20 -

overtime hours worked if applicable; deductions; and net wages.

116.    Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

117.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

118.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## COUNT IV: NYLL
### (Failure to Pay Wages, in Violation of New York Labor Law Section 191)
### *Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

119.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

120.    Defendants failed to pay Plaintiffs and those similarly situated with wages on a timely basis as required by NYLL 191.

121.    At all times relevant to this action, Plaintiffs were employed by Defendants

- 20 -

within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 196 and 198 and the applicable regulations thereunder.

122.    At all times relevant herein, Plaintiffs were employed by Defendants as manual workers within the meaning of the New York Labor Law 191(1)(d) who should have been paid no later than semi-monthly.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, Brandan Sanders; Francisco Quinones; and Vitaliya Drach, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly service workers at one of their locations, and of their right to join this lawsuit if they belief they were denied proper wages;

ii.    An award for unpaid overtime compensation due under the FLSA;

iii.    An award for unpaid minimum wage and unpaid overtime compensation due under New York Labor Law;

iv.    An award of unpaid "spread of hours" premium due under the New York Labor Law;

v.    An award of unpaid commissions due under the New York Labor Law;

vi.    An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

vii.    An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

viii.    An award of liquidated damages as a result of Defendants' failure to timely pay the plaintiffs in accordance NYLL § 191, 198(1a).

ix.    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

x.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil

Procedure;

xi.   Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

xii.  An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL

xiii. An award of prejudgment and post-judgment interest;

xiv.  An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xv.   Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
       October 26, 2020

                                        **LAW OFFICE OF MOHAMMED GANGAT**

                             By:    _____

                                    Mohammed Gangat, Esq.
                                    675 3rd Avenue
                                    Suite 1810
                                    (718) 669-0714
                                    mgangat@gangatllc.com

                                    *Attorneys for Plaintiffs and the FLSA*
                                    *Proposed Collective and Rule 23 Proposed*
                                    *Class*