**Law Office of Mohammed Gangat**  675 3rd Ave, Su 1810, NY, NY 10017
(718) 669-0714  mgangat@gangatpllc.com

**November 2, 2022**

*via ECF*
Hon. Magistrate Judge Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

                    RE:    *Sanders et al v. Excel of Utica Inc. et al*,
                               No. 2:20-cv-05139-GRB-ARL

To the Honorable Magistrate Judge Dunst:

      I represent plaintiffs Brandan Sanders; Francisco Quinones; and Vitaliya Drach, in this action.  This is a request for settlement approval as per the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Defendants Excel of Utica Inc.; Excel Communications Inc.; Excel of Pitkin Inc.; Excel of White Plains Inc.; Ravleen Sethi; Praneet Sahni and Kawaljeet Sahni ("Defendants") consent to this request.

      This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Plaintiffs bring the following causes of action: (1) unpaid minimum wage and unpaid overtime under the FLSA; (2) unpaid minimum wage, unpaid overtime, and unpaid spread-of-hours pay under the NYLL; (3) failure to provide wage notice and wage statements under the NYLL; and (4) unpaid commissions.

      Plaintiffs and Defendants, along with their respective counsel attended a Settlement Conference with Your Honor on September 20, 2022 and reached an agreement settling all claims. We note that Plaintiff Francisco Quinones has passed away and the parties have filed a stipulation dismissing without prejudice the claims on behalf of Plaintiff Francisco Quinones.

      Under the agreement, Defendants will pay a total of $15,000, to be split as follows: $6,000 to Vitaliya Drach; $4,000 to Branden Sanders; $5,000 to Mohammed Gangat representing attorney's fees and expenses.  A copy of the agreement is attached hereto as Exhibit A.

      The amount of the attornenys' fee is reasonable because it is one-third of plaintiffs' net recovery, that is what is customarily agreed to between plaintiffs and their counsel in FLSA cases, and what is routinely approved by this Court in similar circumstances.

      Keeping in line with the trend in the Circuit following *Cheeks*, the Agreement contains a limited release, which applies only to wage and hour claims.  There is no confidentiality provision.  The parties submit that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the Agreement and permit the

**Hon. Dunst U.S.M.J.**
**November 2, 2022**
**Page 2 of 2**

parties to submit a Notice of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court.

 We thank the Court for its time and attention to this matter.

            Respectfully submitted,
            ***/s Mohammed Gangat***
            Mohammed Gangat, Esq.